STATE OF MAINE
KENNEBEC, ss

DISTRICT COURT
LOCATION: WATERVILLE
DOCKET NO. CV-08-281

INHABITANTS OF THE
TOWN OF VASSALBORO,

Plaintiff

v.                                                    JUDGMENT

LEO BARNETT,

Defendant

The defendant owns a ten-lot subdivision on Route 201 in Vassalboro, Maine (Town). The defendant applied for and received approval for a subdivision, not a mobile home park.[1] (Pl.'s Ex 4.) The application for a subdivision was approved in June 2006 based on the Town's expectation that the defendant would comply with the conditions in the permits. The application was approved based further on the potential uses for the subdivision as approved and not on what the applicant intended to do with the subdivision. (Pl.'s Ex. 4.; Def.'s Ex. 2, p.2.) In the Rule 80K complaint, the plaintiff alleges six violations by the defendant. M.R. Civ.P. 80K.

Hearing was held on 8/20/09. David Allen, a traffic engineer for the Maine Department of Transportation (MDOT) and Paul Mitnik, the Town's CEO and Plumbing Inspector, testified on behalf of the plaintiff. Their testimony was credible. The defendant was the sole defense witness. His testimony was not credible.

In spite of multiple notices from the Town and a significant amount of time to address the violations, the defendant has refused to comply. For the following reasons, judgment is entered in favor of the plaintiff.

---

[1] The defendant has previously listed a lot in the subdivision for sale.

1

## 1. Driveway Entrance

The defendant obtained the required entrance permit from the MDOT as required by the Town's Subdivision Ordinance but has not complied with the permit requirements. (Pl.'s Exs. 1, VII(D); 20; 11.) Although the defendant was notified of the violations, (Pl.'s Exs. 12, 16, 17,[2] 18), he continues to use a second entrance on Route 201 and did not pave the southbound lane as required, in violation of the Town's Subdivision Ordinance. (Pl.'s Ex. 1.)

The Town does not have the authority to issue permits for the MDOT. The court concludes the Town does have the authority to enforce the permits once issued, as required for approval of the subdivision. 30-A M.R.S. §§ 3001, 4452(5); 23 M.R.S. § 704.

## 2. Mobile Home

The Vassalboro Building Ordinance requires a permit for any building on a lot. (Pl.'s Ex. 3.) Susan Wood received a permit to place a mobile home on lot 1 of the subdivision after another mobile home was moved. (Pl.'s Ex. 7.) Paul Mitnik gave Susan Wood permission to move the mobile home to the back of the subdivision for a "day or two" until the other mobile home was moved so she could move her mobile home to lot 1. The Wood mobile home was never moved to lot 1. Instead, Paul Mitnik discovered her mobile home on lot 10 for a significant period of time. He issued a notice of violation dated 3/14/08 to the defendant. (Pl.'s Ex. 27.) When the defendant did not remove the mobile home, a second letter dated 4/1/08 was sent to the defendant. (Pl.'s Ex. 28.) The mobile home was then moved to lot 7[3] and is occupied now by Joanne Leach at that location.

---

[2] MDOT agreed to an informal modification of the waiver from 500 feet to 250 feet.

[3] The complaint was amended at trial to include the allegation of a violation with regard to lot 7.

2

The defendant was and is aware of these violations and controls the lots he owns. (Pl.'s Ex. 10.) Under the circumstances of this case, the defendant is liable for these violations. See 30-A M.R.S. § 4452(2); Town of Boothbay v. Jenness, 2003 ME 50, ¶16, 822 A.2d 1169, 1174 n.2;

### 3. Subdivision Road

Section VI(G) of the Town's Road Construction Ordinance requires that this subdivision's private, major road have twenty-foot wide paving and be centered in the center of the right-of-way. The defendant's subdivision road is not in compliance with the ordinance. Plaintiff's exhibits 5a, 5b, and 5c are the only plans in the defendant's subdivision file; defendant's exhibit 14 is not and was not in the file and was never seen by Paul Mitnik. (Pl.'s Exs 5a, 5b, 5c; Def.'s Ex. 14.) The defendant was notified of this violation of the ordinance. (Pl.'s Exs. 8, 9.) Although some corrective measures were taken, the subdivision road continues to be improperly aligned and is not paved as required.

### 4. Subdivision Association

The defendant has not formed an association or other entity to take ownership of the road and two wells, as required by the Town's Subdivision Ordinance for a multi-user system. (Pl.'s Ex. 1, p. 16.) The defendant was notified of the violation. (Pl.'s Ex. 22.) He has presented no evidence to the Town that an association or other legal entity has been formed.

Although the Town's Planning Board did not require proof of the formation of an association or other legal entity, the defendant has not been prejudiced by that oversight. (Def.'s Ex. 2.)

3

## 5. Commercial Use of a Subdivision

The Site Review Ordinance requires a permit for any use to which the ordinance applies, which includes new commercial uses. (Pl.'s Ex. 6, §§ XI(A); II(A).) The defendant uses a machine to sift topsoil and earth moving equipment on his property and continues to sell loam from his subdivision property. This is a commercial use and not an accessory use. The defendant has not applied for or obtained a permit for this use, as required by the Town's Site Review Ordinance. (Pl.'s Ex. 13; 25; 26.)

## 6. Removal of Topsoil

Topsoil is considered part of the subdivision and only surplus topsoil may be removed. (Pl.'s Ex. 1, § VII(C)(3).) Based on Paul Mitnik's calculations, the defendant would have been justified in excavating 2,299 cubic yards of topsoil pursuant to the ordinance. (Pl.'s Ex. 19(b).) The defendant testified at hearing that he had excavated 8,000 cubic yards of topsoil and sold 6,000 cubic yards at an average of $14.00 per yard.

The defendant was sent written notices of this violation and Paul Mitnik discussed the violation with the defendant. The violation remains uncorrected, in violation of the Town's Subdivision Ordinance.

## ORDER

Pursuant to 30-A M.R.S. § 4452(3)(C), the defendant shall

1. Discontinue use of the second entrance on Route 201 immediately.

2. Comply with the paving requirements on the southbound lane of Route 201. The parties will propose to the court within thirty days of the date of this judgment a timeframe for the completion of the paving. If the parties cannot agree, the court will determine the completion date.

3. Pave and align the subdivision road. The parties will propose to the court within thirty days of the date of this judgment a timeframe for completing the paving and

4

alignment. If the parties cannot agree, the court will determine the completion date.

4. Remove the mobile home from lot 7 within ten days of the date of this judgment.

5. Stop excavating and removing topsoil from the subdivision immediately.

6. Remove the existing piles of topsoil from the subdivision with ten days of the date of this judgment.

7. Establish an association or legal entity for the subdivision within thirty days of the date of this judgment and provide proof of the establishment of the association or other legal entity to the Plaintiff within thirty-five days of this judgment.

8. Pay a civil penalty of $10,000.00 to the Plaintiff within thirty days of this judgment. 30-A M.R.S. § 4452(3)(A), (B), (E)(3), & (H); 4452(4).

Counsel for the plaintiff will file an affidavit of attorney's fees within thirty days of the date of this judgment. 30-A M.R.S.A. §(3)(D).

Date: November 9, 2009

Nancy Mills
Justice, Superior Court

5

INHABITANTS OF THE TOWN OF VASSALBORO - PLAINTIFF

Attorney for: INHABITANTS OF THE TOWN OF VASSALBORO
ALTON STEVENS   - RETAINED 10/20/2008
MARDEN DUBORD ET AL
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708


vs
LEO BARNETT   - DEFENDANT
4 MILLS ROAD,
BELGRADE ME 04917
Attorney for: LEO BARNETT
CLIFFORD GOODALL   - RETAINED
DYER GOODALL AND DENISON P.A.
61 WINTHROP ST
AUGUSTA ME 04330

Filing Document: LAND USE COMPLAINT          Minor Case Type: LAND USE ENFORCEMENT (80K)
Filing Date: 10/20/2008

## Docket Events:
10/20/2008 FILING DOCUMENT - LAND USE COMPLAINT FILED ON 10/20/2008

11/07/2008 Party(s):  INHABITANTS OF THE TOWN OF VASSALBORO
           ATTORNEY - RETAINED ENTERED ON 10/20/2008
           Plaintiff's Attorney: ALTON STEVENS

11/07/2008 Party(s):  LEO BARNETT
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/20/2008

11/07/2008 Party(s):  LEO BARNETT
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 10/31/2008

11/07/2008 Party(s):  LEO BARNETT
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 11/06/2008
           Defendant's Attorney: CLIFFORD GOODALL

11/07/2008 HEARING - INITIAL APPEARANCE HELD ON 11/06/2008 @ 10:00  in Room No.  1
           RAE ANN  FRENCH , JUDGE
           ATTORNEY STEVENS APPEARED OBO PLT AND ATTORNEY GOODALL WAS PRESENT OBO     DEF. MR.
           GOODALL ENTERED A DENIAL OBO DEF.   CLERK TO SET FOR 2 HOUR          HEARING. /S/ J. FRENCH

12/05/2008 HEARING - 80(K) HEARING SCHEDULED FOR 03/20/2009 @ 1:00  in Room No.  1

12/05/2008 HEARING - 80(K) HEARING NOTICE SENT ON 12/05/2008

12/05/2008 Party(s):  LEO BARNETT
           ATTORNEY - RETAINED ENTERED ON 11/06/2008
           Defendant's Attorney: CLIFFORD GOODALL

03/23/2009 HEARING - 80(K) HEARING NOT HELD ON 03/20/2009
           PRETRIAL CONFERENCE WAS HELD INSTEAD.

03/23/2009 ORDER - PRETRIAL/STATUS ENTERED ON 03/20/2009
CHARLES  DOW , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

03/31/2009 Party(s):  INHABITANTS OF THE TOWN OF VASSALBORO
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 03/23/2009

04/01/2009 Party(s):  INHABITANTS OF THE TOWN OF VASSALBORO
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 03/30/2009

04/14/2009 HEARING - PRETRIAL/STATUS SCHEDULED FOR 05/01/2009 @ 3:30  in Room No.  7
NOTICE TO PARTIES/COUNSEL

04/14/2009 HEARING - PRETRIAL/STATUS NOTICE SENT ON 04/14/2009

04/14/2009 Party(s):  LEO BARNETT
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 04/13/2009

05/05/2009 HEARING - PRETRIAL/STATUS HELD ON 05/01/2009

05/05/2009 TRIAL - BENCH SCHEDULED FOR 05/14/2009 @ 8:30  in Room No.  7
BACKUP

06/09/2009 ORDER - ORDER OF ASSIGNMENT ENTERED ON 05/22/2009
CHARLES  DOW , JUDGE
ORDER OF ASSIGNMENT TO SUPERIOR COURT

06/09/2009 ORDER - ORDER OF ASSIGNMENT SENT ON 06/09/2009

06/11/2009 TRIAL - BENCH NOT REACHED ON 05/14/2009

06/11/2009 CASE STATUS - CASE FILE LOCATION ON 06/11/2009
AUGSC

07/03/2009 TRIAL - TRAILING LIST SCHEDULE OTHER COURT ON 07/03/2009
AUGSC                                                                                    AUGUST 6 TO
SEPTEMBER 1, 2009

08/07/2009 TRIAL - BENCH SCHEDULE OTHER COURT ON 08/20/2009 @ 8:00  in Room No.  1
AUGSC

08/07/2009 TRIAL - BENCH NOTICE SENT ON 08/07/2009

08/19/2009 Party(s):  LEO BARNETT
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 08/19/2009
Defendant's Attorney: CLIFFORD GOODALL
AMENDED, DEFT'S

08/20/2009 TRIAL - TRAILING LIST HELD ON 08/20/2009

08/20/2009 TRIAL - BENCH HELD ON 08/20/2009

NANCY MILLS , JUSTICE
Defendant's Attorney: CLIFFORD GOODALL
Plaintiff's Attorney: ALTON STEVENS          Reporter: CASE ENOCH
SEE CLERK'S NOTES FOR WITNESS AND EXHIBIT LISTS.

08/20/2009 CASE STATUS - DECISION UNDER ADVISEMENT ON 08/20/2009
NANCY MILLS , JUSTICE

09/01/2009 Party(s): INHABITANTS OF THE TOWN OF VASSALBORO
OTHER FILING - OTHER DOCUMENT FILED ON 08/27/2009
LETTER RE: CITATIONS AND COPIES OF CASE LAW

09/09/2009 Party(s): INHABITANTS OF THE TOWN OF VASSALBORO
OTHER FILING - OTHER DOCUMENT FILED ON 08/28/2009
Plaintiff's Attorney: ALTON STEVENS
LETTER AND COPIES OF CASE LAW

11/10/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 11/09/2009
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPY TO ATTYS
STEVENS AND GOODALL

ORDER - COURT JUDGMENT ENTERED ON 11/09/2009
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPY TO ATTYS
STEVENS AND GOODALL
Judgment entered for INHABITANTS OF THE TOWN OF VASSALBORO and against LEO BARNETT in the
amount of $10000.00. 1. DISCONTINUE USE OF THE SECOND ENTRANCE ON ROUTE 201 IMMEDIATELY. 2.
COMPLY WITH THE PAVING REQUIREMENTS ON THE SOUTHBOUND LANE OF ROUTE 201. THE PARTIES WILL
PROPOSE TO THE COURT WITHIN 30 DAYS OF THE DATE OF THIS JUDGMENT A TIMEFRAME FOR THE COMPLETION
OF THE PAVING. IF THE PARTIES CANNOT AGREE, THE COURT WILL DETERMINE THE COMPLETION DATE. 3.
PAVE AND ALIGN THE SUBDIVISION ROAD. THE PARTIES WILL PROPOSE TO THE COURT WITHIN 30 DAYS OF
THE DATE OF THIS JUDGMENT A TIMEFRAME FOR COMPLETING THE PAVING AND ALIGNMENT. IF THE PARTIES
CANNOT AGREE, THE COURT WILL DETERMINE THE COMPLETION DATE. 4. REMOVE THE MOBILE HOME FROM LOT
7 WITHIN 10 DAYS OF THE DATE OF THIS JUDGMENT. 5. STOP EXCAVATING AND REMOVING TOPSOIL FROM
THE SUBDIVISION IMMEDIATELY. 6. REMOVE THE EXISTING PILES OF TOPSOIL FROM THE SUBDIVISION
WITHIN 10 DAYS OF THE DATE OF THIS JUDGMENT. 7. ESTABLISH AN ASSOCIATION OR LEGAL ENTITY FOR
THE SUBDIVISION WITHIN 30 DAYS OF THE DATE OF THIS JUDGMENT AND PROVIDE PROOF OF THE
ESTABLISHMENT OF THE ASSOCIATION OR OTHER LEGAL ENTITY TO THE PLTF WITHIN 35 DAYS OF (CONT'D)
(CONT'D) THIS JUDGMENT. 8. PAY A CIVIL PENALTY OT $10,000.00 TO THE PLTF WITHIN 35 DAYS OF
THIS JUDGMENT 30-A M.R.S. SECTION 4452(3)(A), (B), (E)(3), & (H) ; 4452(4). COUNSEL FOR THE
PLTF WILL FILE AN AFFIDAVIT OF ATTORNEY'S FEES WITHIN 30 DAYS OF THE DATE OF THIS JUDGMENT.
30-A M.R.S.A. SECTION (3)(D).

11/10/2009 FINDING - FINAL JUDGMENT CASE CLOSED ON 11/10/2009

11/10/2009 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 11/10/2009
GARBRECHT LAW LIBRARY, DEBORAH FIRESTONE, GOSS DATA SERVICE INC.

A TRUE COPY
ATTEST: _____
                        Clerk